# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RUDOLPH CASTILLO, JR., *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1469 |
| | § | |
| LENNAR CORPORATION, *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Sever or, In the Alternative, Order Separate Trials ("Motion to Sever") [Doc. # 12] filed by Defendants Lennar Corporation and Lennar Homes of Texas L&C, Ltd. (collectively, "Lennar"). Plaintiffs Rudolph Castillo, Jr. and Rosalyn White-Yeldell filed a Response [Doc. # 16], and Defendants filed a Reply [Doc. # 17]. Based on the Court's review of the record and the applicable legal principles, the Court **denies** the Motion to Sever and **denies without prejudice** the alternative Motion for Separate Trials.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were both employed by Lennar in its Houston office. Castillo, a Hispanic male over the age of 40, was the Director of Construction. White-Yeldell, an African-American female, was a Quality Assurance Inspector. Plaintiffs allege that

Lennar had a pattern and practice of creating a racially hostile work environment and otherwise discriminating against minority employees on the basis of their race. Plaintiffs also allege that they were retaliated against for engaging in activities protected by Title VII.

Castillo filed this lawsuit against Lennar on May 12, 2008. On May 20, 2008, a First Amended Complaint was filed joining White-Yeldell as a Plaintiff. Lennar filed this Motion to Sever on August 20, 2008, noting that Plaintiffs did not allege a pattern and practice of discrimination. Plaintiffs filed a Second Amended Complaint [Doc. # 14] on August 27, 2008, adding a "pattern and practice" allegation. The Motion to Sever has now been fully briefed and is ripe for decision.

## II.     STANDARD FOR SEVERANCE

Rule 21 of the Federal Rules of Civil Procedure gives a district court "broad discretion" to sever improperly joined parties. *See* FED. R. CIV. P. 21; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). When deciding whether parties were properly joined under Rule 20(a), the Court considers (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," *and* (2) whether there is a question of law or fact common to both plaintiffs. See FED. R. CIV. P. 20(a). Joinder of parties is strongly encouraged. *See, e.g., Blum v. General Elec. Co.*, 547 F. Supp. 2d 717, 722 (W.D. Tex. 2008). This is

particularly true in the employment discrimination context. *See Goodyear v. Dauterive Hosp. of New Iberia, La.*, 2007 WL 2066855, *3 (W.D. La. July 13, 2007) (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000) (*en banc*)). Allegations of a pattern or practice of discrimination can satisfy the "same transaction" requirement, and only some – not all – questions of law or fact need to be common to both plaintiffs. *See id.*

## III.   ANALYSIS

Construed broadly and in favor of joinder, Plaintiffs' claims involve a common transaction – a pattern and practice of discrimination on the basis of race. Although Castillo's race is Hispanic and White-Yeldell's race is African-American, each alleges that Lennar discriminated against them on the basis of race pursuant to Lennar's pattern and practice of engaging in race discrimination and creating a racially hostile work environment. Plaintiffs allege that they both worked in the Houston office, although they worked in different divisions within that office. Plaintiffs both allege, although Defendants dispute the allegation, that Don Luke, the Regional President, was the driving force behind the decision to terminate their employment at relatively the same time – in July 2007. Plaintiffs allege that they were both replaced by white males. Plaintiffs' claims are logically related and involve allegations of a pattern and

practice of race discrimination. Consequently, Plaintiffs have satisfied the "same transaction" requirement for joinder of their claims in a single lawsuit.

Plaintiffs also satisfy the requirement that there exist a common question of law or fact. They both allege that they were subjected to a racially hostile work environment, and that they were victims of race discrimination and retaliation. Much of the discovery in the case and many of the witnesses will be the same for both Plaintiffs.

Plaintiffs have met the Rule 20 requirements for joinder of their claims. Defendants have not shown that joinder would result in significant prejudice or confusion, and joinder will clearly promote judicial economy. The Court denies the request for severance.

## IV.     CONCLUSION AND ORDER

Both Plaintiffs allege a right to relief based on a racially hostile work environment, retaliation, and a pattern and practice of race discrimination by Defendants. There are questions of law and fact common to the claims asserted by both Plaintiffs, and joinder will promote judicial economy without causing undue prejudice or risk of confusion. As a result, it is hereby

**ORDERED** that Defendants' Motion to Sever [Doc. # 12] is **DENIED**. It is further

**ORDERED** that Defendants' alternative Motion for Separate Trials is **DENIED WITHOUT PREJUDICE** to being reurged, if appropriate, in the Joint Pretrial Order.

SIGNED at Houston, Texas, this **23rd** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge