IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUDOLPH CASTILLO, JR., *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1469 |
| | § | |
| LENNAR CORPORATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint ("Motion") [Doc. # 20], to which Defendants Lennar Corporation and Lennar Homes of Texas L&C, Ltd. (collectively, "Lennar") filed a Response [Doc. # 28]. Plaintiffs neither filed a reply nor requested an extension of time to do so. Based on the Court's review of the record and the applicable legal principles, the Court **denies** the Motion.

### I.     BACKGROUND

Plaintiff Rudolph Castillo, Jr. filed this lawsuit on May 12, 2008, alleging that Defendants discriminated against him on the basis of his race (Hispanic) and age (52). Castillo also asserted claims of retaliation, negligence, negligent hiring, supervision, retention and training, gross negligence, and intentional infliction of emotional distress.

On May 20, 2008, Castillo and Rosalyn White-Yeldell filed a First Amended Complaint [Doc. # 3], adding White-Yeldell as a Plaintiff asserting discrimination on the basis of her race (African-American) and sex (female).  The other claims in the Original Complaint remained the same.

On August 27, 2008, Plaintiffs filed a Second Amended Complaint [Doc. # 14], adding a claim by White-Yeldell for an alleged violation of the Equal Pay Act and deleting the intentional infliction of emotional distress claim.

On November 24, 2008, Plaintiffs filed this Motion seeking leave to file yet another amended complaint.  Plaintiffs seek to delete their negligence and gross negligence claims, and White-Yeldell seeks to add a claim under the Fair Labor Standards Act ("FLSA").  The deadline for amendments to pleadings was November 15, 2008.  *See* Docket Control Order [Doc. # 11].  The Motion is ripe for decision.

## II.    ANALYSIS

The deadline for amendments to pleadings has expired.  "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines

cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546.

Plaintiffs have not demonstrated why they failed to include the FLSA claim in the Second Amended Complaint filed in August 2008. Plaintiffs assert that the "claim was only discovered during White-Yeldell's deposition on November 18, 2008 during questioning by counsel for Defendants." *See* Motion, ¶ 4. Plaintiffs do not explain, however, why conversations with their own attorney did not elicit the relevant information prior to the November 15, 2008 deadline for amendments to pleadings. Plaintiffs have not offered a satisfactory explanation for their delay in seeking leave to amend or for failing to include the FLSA claim in the two prior amended complaints.

Although White-Yeldell will not be able to assert a claim under the FLSA in this lawsuit, the prejudice from allowing the requested amendment is significant. Defendants would be required to redepose witnesses and to obtain additional written

discovery from persons or entities who have already responded to discovery requests. It is unlikely that the additional discovery could be completed before the December 31, 2008 mediation deadline. Additionally, the parties have been quite contentious during discovery thus far, and the repeated discovery would be expensive, time-consuming, and would likely result in more discovery disputes. Indeed, Plaintiffs' counsel has already stated that White-Yeldell will not agree to appear for another deposition.

It is unlikely that the additional discovery could be completed before the December 31, 2008 mediation deadline, and the Court is not inclined to extend the deadline absent an agreement by the parties. Instead, the Court exercises its discretion to preserve the integrity and purpose of the docket control order and denies the Motion.

### III.   **CONCLUSION AND ORDER**

Plaintiffs have not demonstrated good cause for their failure to amend before the November 15, 2008 deadline for amendments to pleadings.[1] Repeating discovery to cover the FLSA claim will cause unnecessary expense and delay, and the Court finds that it is important to maintain the December 31, 2008, mediation date. As a result, it is hereby

---

[1]   It is noted that Plaintiffs did not file a reply after Defendants pointed out that the Rule 16 standard applied.

**ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint [Doc. # 20] is **DENIED**.

SIGNED at Houston, Texas, this **16th** day of **December, 2008**.

_____
Nancy F. Atlas
United States District Judge