**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RUDOLPH CASTILLO, JR. and § | | |
| ROSALYN WHITE-YELDELL, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-1469 | |
| § | | |
| LENNAR CORPORATION, *et al.*, § | | |
|     Defendants. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion for Reconsideration ("Motion") [Doc. # 30] of the Court's prior order compelling production of certain documents that Defendants claim are privileged from disclosure in discovery. Plaintiffs filed a Response [Doc. # 36], Defendants filed a Reply [Doc. # 37], and the documents have been produced to the Court for *in camera* review. Based on the Court's review of the parties' briefing and the relevant documents, and the application of governing legal authorities, the Motion is **denied in part** and **granted in part** as described below.

**I.    BACKGROUND**

Plaintiffs Rudolph Castillo, Jr. and Rosalyn White-Yeldell were employed by Defendant Lennar Corporation and/or Lennar Homes of TX L&C, Ltd. ("collectively, "Lennar"). Castillo alleges that Defendants discriminated against him on the basis of

his race (Hispanic) and age (52). White-Yeldell alleges that Defendants discriminated against her on the basis of her race (African-American) and sex (female), and violated the Equal Pay Act. Plaintiffs also assert pendent state law claims.

Lennar claims that in early July 2004, it decided to conduct audits in order to obtain legal advice regarding (1) its compliance with various employment laws and (2) potential litigation alleging improper treatment of minority employees. During the remainder of 2004 and into 2005, Carl Garraffo, Lennar's Director of Associate Development, obtained information through "HR Audit Checklists" on which he wrote comments and, where appropriate, recommendations for improvement. Lennar asserts that the information was then analyzed by Chris Marlin, its in-house counsel, who in June 2005 prepared HR Audit Reports giving legal advice. None of the HR Audit Reports submitted for *in camera* review, however, contains any "legal advice" from Marlin or any other attorney for Lennar.[1]

Plaintiffs seek discovery of the HR Audits, which Defendants argue are not discoverable because they are protected by the attorney-client privilege. The dispute

---

[1]   The Checklists and the reports are referred to collectively as the "HR Audits."

has been fully briefed and the Court has reviewed the documents submitted for *in camera* review.[2]

## II.    APPLICABLE LEGAL STANDARDS

Defendants asserts that the HR Audits are protected by the attorney-client privilege. The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

The attorney-client privilege protects confidential communications between a client and his attorneys when the communications are made for the purpose of obtaining professional legal services. *See International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 (5th Cir. 2005). "A communication is only 'confidential' for the purposes of the attorney-client privilege if it is not intended to be disclosed to a third party." *Id.* at 299, n. 27. A document does not become protected by the attorney-client privilege simply by being sent from the client to the lawyer. *See Smith v. Texaco, Inc.*, 186 F.R.D. 354, 356 (E.D. Tex. 1999) (citing *United States v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997)).

---

[2]     The documents as to which Defendants assert a privilege are Bates numbered 1-53. There were other HR Audits performed before July 9, 2004, concerning other topics. Those HR Audits have been produced to Plaintiffs and are not the subject of the pending dispute.

## III. ANALYSIS

The Court has carefully reviewed the HR Audits produced for *in camera* review, as well as the parties' briefing and supporting evidence. The first document is a memo dated July 9, 2004, to Lennar employees from Carl Garraffo and Chris Marlin describing generally an April 2004 HR Audit, stating counsel's recommendation, and requesting additional information. Because the document is from Lennar's counsel and sets forth the attorney's recommendation, the document is protected by the attorney-client privilege.

The second document is a memo dated July 30, 2004, to Marlin and Garraffo. The memo contains information regarding base pay distinctions. There is nothing in the memo indicating that it was prepared at counsel's request or that it was prepared for use in obtaining legal advice. The document is not protected by the attorney-client privilege, even though it was sent to Marlin as well as to Garraffo.

The third document is a memo dated January 24, 2005 from Garraffo establishing a schedule for conducting HR audits at various Lennar divisions in February and April 2005. Although a copy of the memo was sent to Marlin, the document is not protected by the attorney-client privilege.

The next two documents are the HR Audit Reports for the Houston NuHome Division and the Houston Adult Division. The documents, dated June 10, 2005, are

from Carl Garraffo. Marlin is sent a copy of the two HR Audit Reports "w/o attachments." Although there is language that the HR Audit Reports "are prepared for the express purpose of providing legal advice to" Lennar, the HR Audit Reports describe conduct undertaken only by Garraffo and the HR Audit Reports contain no comments, recommendations, or other legal advice from Lennar's counsel. The few recommendations included in the HR Audit Reports describe suggestions only by Garraffo, who does not serve as an attorney for the company. Similar audits were performed in prior years without any attorney request, and the reporting in those audits as well as the HR Audits at issue was of routine human resources matters. Documents prepared in the routine course of business, that contain no privileged information, and that are "devoid of legal advice" are not protected by the attorney-client privilege. *See Valley Cable TV, Inc. v. Home Life Ins. Co.*, 1982 WL 505296, *2 (S.D. Tex. Oct. 7, 1982). The documents Bates Numbered 8-53 are not privileged and must be produced to counsel for Plaintiffs.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the July 9, 2004 Memo (Bates Numbered 1 and 2) is protected by the attorney-client privilege. The remaining documents submitted for review (Bates Numbered 3 through 53) are not privileged and are discoverable. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration [Doc. # 30] is **GRANTED** as to the July 9, 2004 Memo (Bates Numbered 1 and 2) and **DENIED** as to the remaining documents.  The documents Bates Numbered 3 through 53 must be produced to Plaintiffs within **ten calendar days** from entry of this Memorandum and Order.

SIGNED at Houston, Texas, this 29th day of **January, 2009**.

_____
Nancy F. Atlas
United States District Judge